(April 10, 2012)

■ LISZEIDA PEREZ, Respondent, v KEYSPAN CORPORATION et al., Appellants. [941 NYS2d 608]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 24, 2011, which, upon renewal and reargument, denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint. Appeal from order, same court and Justice, entered March 17, 2011, unanimously dismissed, without costs, as abandoned.

In 2006, defendants KeySpan and Morgan Stanley entered into a complex financial swap transaction for the period 2006-2009, whereby KeySpan hedged the prices it could charge for electrical output through simultaneous agreements with Morgan Stanley and nonparty Astoria Generating Company.

Plaintiff is a Con Ed customer. Nonparty Con Ed purchases electrical energy from KeySpan. Plaintiff claims that defendants' transaction artificially elevated the auction price of electrical capacity.* As Judge Scheindlin ruled in *Simon v Keyspan Corp.* (785 F Supp 2d 120 [SD NY 2011]), a related case involving claims based on the same transaction, the filed rate doctrine bars plaintiff's claims. The Federal Energy Regulatory Commission (FERC) has exclusive authority to regulate a public utility's "sale of electric energy at wholesale in interstate commerce" (16 USC § 824e [a], [e] [1] [A]). As part of this authority, FERC has authority over the ICAP auction market, as well as any "practices" or "contracts" that may affect it (*see Maine Pub. Util. Commn. v Federal Energy Regulatory Commn.*, 520 F3d

---

* Electricity is generated in the form of "installed capacity" (ICAP). ICAP is not actual electricity, but is a regulatory construct that measures the capacity to generate or transmit electricity.

464, 479 [DC Cir 2008], *revd in part on other grounds sub nom. NRG Power Marketing, LLC v. Maine Pub. Util. Comm'n*, 558 US —, 130 S Ct 693 [2010]).

Pursuant to that authority, FERC found that KeySpan's ICAP auction prices complied with the governing tariffs and regulations, that its bidding behavior did not violate the filed rate doctrine and that there had been no deceptive conduct in effectuating the transaction. Accordingly, there is no basis to order refunds or restitution for the prices Con Ed and others paid at the auctions.

In view of the foregoing, it is unnecessary to address any other arguments or claims.

Defendants' appeal from the initial order denying dismissal is deemed abandoned, because they failed to address it in their briefs. Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.